E FILED ON 08/23/2016
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowe@thomascrowelaw.com
2830 S. Jones Blvd., Suite 3
Las Vegas, Nevada 89146
(702) 794-0373
Attorney for Debtor
Nevada State Bar no. 3048

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-16-10769-BTB |
| LEONARD A. MANCUSO, II. | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Date:  August 30, 2016 |
| | ) | Time:  1:30 p.m. |

### REPLY TO OPPOSITION TO RECONVERT CHAPTER 7 PROCEEDING TO CHAPTER 13 PROCEEDING

Comes now, Debtor, by and through his attorney, THOMAS E. CROWE, ESQ., and replies to Opposition To Reconvert Chapter 7 Proceeding To Chapter 13 Proceeding, filed by Jacob L. Houmand, Esq., proposed counsel for Chapter 7 Trustee Victoria L. Nelson.  Said reply is made and based upon the Points and Authorities attached hereto, the pleadings and papers on file herein and oral argument at the time of hearing of this matter.

DATED this 23rd day of August, 2016.

            THOMAS E. CROWE PROFESSIONAL
            CORPORATION
            By/s/THOMAS E. CROWE
             THOMAS E. CROWE, ESQ.
             2830 S. Jones Blvd.
             Suite 3
             Las Vegas, Nevada 89146
             Attorney for Debtor

## POINTS AND AUTHORITIES

11 U.S.C. §707(b)(2)(A)(i) provides in pertinent part as follows:

> (2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater: or
>
> (II) $12,475. . .

Debtor's requested conversion to Chapter 13 is not in essence a voluntary request. Due to the fact that Debtor has agreed to the surrender of the main vehicle, the result places Debtor in a position where the presumption of abuse arises under Code §707(b)(2)(A) and thus Debtor merely consents to conversion. If the court is not inclined to grant conversion, then the matter must be dismissed under Code §707(b)(1).

Therefore, Debtor respectfully requests that the Opposition To Motion To Reconvert Chapter 7 Proceeding To Chapter 13 Proceeding be denied.

DATED this 23rd day of August, 2016.

Respectfully Submitted,

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

/s/ THOMAS E. CROWE
THOMAS E. CROWE, ESQ.
Nevada State Bar No. 3048
2830 S. Jones Blvd.
Suite 3
Las Vegas, NV 89146
Attorney for Debtor

## CERTIFICATE OF MAILING OF RE: REPLY TO OPPOSITION TO MOTION TO RECONVERT CHAPTER 7 PROCEEDING TO CHAPTER 13 PROCEEDING

I, DONOVAN BOSQUE, hereby certify that a copy of the Reply to Opposition To Motion To Reconvert Chapter 7 Proceeding To Chapter 13 Proceeding filed herein, in the above-entitled case, was mailed by me on the 23rd day of August, 2016, by depositing copies thereof in a sealed envelope, first-class postage prepaid, in the United States Mail, to the parties and addresses as follows:

Jacob L. Houmand, Esq.
Nelson & Houmand, P.C.
3900 Paradise Road, Suite U
Las Vegas, NV 89169-0903

Victoria L. Nelson, Chapter 7 Trustee
3900 Paradise Road, Suite U
Las Vegas, NV  89169-0903

DATED this 23rd day of August, 2016.

/s/ DONOVAN BOSQUE
DONOVAN BOSQUE, an employee of
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION